**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT WILLIAM MAWSON, SR,** : | |
| Plaintiff, : | CIVIL ACTION NO. 3:16-0400 |
| v. : | (JUDGE MANNION) |
| **OFFICER SAMUEL DESIMONE,** : | |
| Defendant : | |

## **MEMORANDUM**

Before the court is the plaintiff Robert William Mawson, Sr.'s "Appeal," (Doc. 45), of Magistrate Judge Susan Schwab's July 14, 2016 Order, which overrules the plaintiff's objections to the transcript of the preliminary injunction hearing. (Doc. 47). For the reasons that follow, the court will affirm Judge Schwab's ruling.

By way of relevant background, Judge Schwab conducted a Preliminary Injunction Hearing on June 23, 2016. After the hearing, Judge Schwab issued an Order, requiring that the plaintiff, as a pro se litigant proceeding in forma pauperis, be provided transcripts of the hearing. (Doc. 31). The transcripts were provided to the plaintiff on July 8, 2016. (Doc. 37). Soon after, the plaintiff filed a document entitled "Objections to Inaccuracy of the June 23, 2016 TRO – Hearing Notes Testimony," in which he argues that the transcript of the hearing is inaccurate because it is missing testimony from the defendant's attorney Josh Autry. (Doc. 42, p. 2). Then, during a Telephonic Case Management Conference that took place on July 13, 2016, Judge

Schwab overruled the plaintiff's objections. A written order followed and was docketed on July 14, 2016. (Doc. 47). On July 13, after Judge Schwab's verbal ruling, the plaintiff filed the instant "Appeal" to this court. (Doc. 45). In the "Appeal," the plaintiff sets forth the same arguments presented to Judge Schwab during the Telephonic Conference; the objections relate to inaccuracy of the transcripts and include a request that this court order corrections to the transcripts or provide him with voice audio recordings of the hearing from the court reporter. (Doc. 45, p. 3). The defendant did not file an Opposition to the Appeal. Having received and reviewed Judge Schwab's ruling and written order as well as the plaintiff's Appeal, the court will now determine whether the ruling shall stand or be vacated.

Federal Rule of Civil Procedure 72 addresses nondispositive matters before Magistrate Judges. Fed.R.Civ.P. 72(a).[1] Judge Schwab's ruling did not

---

[1]Rule 72(a) provides:
> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a).

2

dispose of or make a final determination of any of the plaintiff's claims, and instead solely related to a pretrial, discovery matter; therefore, the court construes Judge Schwab's July 14, 2016 ruling as a nondispositive matter. *See* Black's Law Dictionary (10th ed. 2014) (dispositive defined as "[b]eing a deciding factor; (of a fact or factor) bringing about a final determination."). The Local Rules for the Middle District of Pennsylvania further expand upon Rule 72 and outline the process of appealing any such pretrial nondispositive orders. Specifically, Local Rule 72.2 provides:

> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a [district] judge. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the
> order, or part thereof, appealed from and the basis for any objection thereto. At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by the objection to the order or part appealed from. Any party opposing the appeal shall file a responsive brief within fourteen (14) days after service of the appellant's brief. A brief in reply may be filed within seven (7) days after service of the opposing party's brief. A [district] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The [district] judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.

Local Rule 72.2. Thus, when reviewing the Judge Schwab's ruling, this court must set aside or reverse any finding that is clearly erroneous or contrary to law. The clearly erroneous standard is met when the determination "(1) is

3

completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Grp. Inc., 975 F.2d 81, 92 (3d Cir. 1992), *as amended* (Sept. 17, 1992) (citing Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972)). Judge Schwab's ruling, then, is accorded significant deference.

In the July 14, 2016 Order, Judge Schwab addresses the plaintiff's "Objections to Inaccuracy of the June 23, 2016 TRO – Hearing Notes Testimony," (Doc. 42, p. 2), in which he claims that the transcript from the preliminary injunction hearing is missing statements made by the defendant's attorney, Mr. Autry, and that the transcript is also missing several interjections by the court, which warned Mr. Autry about his ethical obligations. (Doc. 47, p. 2). The July 14, 2016 Order examines each of the plaintiff's claims regarding the transcripts. In fact, Judge Schwab thoroughly reviews, cites, and provides excerpts from the hearing transcript in support of her analysis and decision to overrule the plaintiff's objections and deny his request for a copy of the court reporter's audio recording of the preliminary injunction hearing. (Doc. 47, pp. 2, 7). In addition, the court notes that Judge Schwab, having presided over the preliminary injunction hearing, has first-hand knowledge and a comprehensive understanding of the plaintiff's arguments regarding the content of the transcript and discussions that occurred during the hearing.

In his appeal to this court, (Doc. 45), the plaintiff simply repeats the

4

same objections that were before Judge Schwab and subject to the July 14, 2016 Order. He requests that this court overturn Judge Schwab's decision regarding the transcripts and provide him with the audio recording of the preliminary injunction hearing. Having thoroughly reviewed Judge Schwab's Order, and the bases for her conclusion, this court agrees with the sound reasoning that led Judge Schwab to her conclusions and further concludes that Judge Schwab's findings were not clearly erroneous or contrary to law. Therefore, the court will affirm Judge Schwab's July 14, 2016 ruling, and **DENY** the plaintiff's appeal. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 23, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0400-01.wpd